

502-05/MEU
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------x

SOLOMON SEA ENTERPRISES S.A.,

        Plaintiff,

    -against-

HUDSON SHIPPING LINES, INC,

        Defendant.

----------------------------------------------x

10 Civ _1990_ (DRD)

**ORDER
DIRECTING CLERK TO ISSUE
PROCESS OF MARITIME
ATTACHMENT AND
GARNISHMENT; APPOINTING
PERSON TO SERVE PROCESS
PURSUANT TO RULE 4(c); AND
<u>CONCERNING SCOPE OF SERVICE</u>**

    Upon reading and filing the Verified Complaint of the Plaintiff herein, verified on the 20th day of April 2010, and the Affidavit of Michael E. Unger, sworn to that same day, that to the best of his information and belief Defendant HUDSON SHIPPING LINES, INC cannot be found within this District for the purpose of an attachment under Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and the Court having found that the conditions required by Rule B(1) exist,

    NOW, upon motion of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff, it is hereby

    **O R D E R E D** that the Clerk of this Court is directed forthwith to issue the Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property of the Defendant, as described therein, including but not limited to assets within this District comprising, *inter alia*, cash, checks, funds, escrow funds, credits, debts, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire or any other assets of, belonging to, due, held or being transferred to, from or for the benefit of the said Defendant **HUDSON SHIPPING LINES, INC** (collectively hereinafter, "ASSETS"), including but not limited to

ASSETS as may be held, received or held in its name or for its benefit, in the possession, custody or control of The Law Offices of Simon Harter, Esq., including any and all partners, managers, employees, agents, contractors or sub-contractors acting on its behalf, together with any such assets as may be held by any other garnishee(s) on whom a copy of this Process of Maritime Attachment and Garnishment may be served, in the amount of **$240,670.00** pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in respect to the claim against the Defendant, as identified in the Verified Complaint and as specified in the Process; and it is further

**O R D E R E D** that supplemental process enforcing the Court's Order may be issued without further Order of the Court; and it is further

**O R D E R E D** that Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Maritime Attachment and Garnishment and the Verified Complaint, together with a copy of this Order and any Interrogatories, upon any garnishee(s) named in the Process, together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for, or on behalf of the Defendant; and it is further

**O R D E R E D** that following initial service upon any garnishee by the United States Marshal or any other person designated by Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment may thereafter be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, such service to be in accordance with each garnishee's preference or policy, and such facsimile or other electronic transmission shall be deemed to be made within the district if it has been sent from within the district; and it is further

**O R D E R E D** that service on any garnishee herein is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service, and that same service is further deemed to be effective through the end of the next business day provided another service is made during the next business day.

Dated: Newark, New Jersey
       April 20, 2010

_____
U.S.D.J.